UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHELDON COOPER, JR.,

                      Plaintiff,

v.

D. DeGRAFF, *Sgt. Greene Corr. Fac.*; J. STANTON, *C.O., Cayuga Corr. Fac.*; K. CASHIN, *C.O., Cayuga Corr. Fac.*; K. COREY, *C.O., Cayuga Corr. Fac.*; SGT. SMITH, *Sgt., Cayuga Corr. Fac., f/k/a as John Doe #2*; SGT. SEYMOUR, *Sgt., Cayuga Corr. Fac.,f/k/a as John Doe #4;* C.O. PAYNE, *C.O., Cayuga Corr. Fac., f/k/a as John Doe #5;* C.O. WITHERS, *C.O. Cayuga Corr. Fac., f/k/a as John Doe #1*; KIM RANDOLPH, *Nurse, Cayuga Corr. Fac., f/k/a as John Doe #2*; and DANIEL P. WALAWENDER, *Watch Commander, Cayuga Corr. Fac.*,

                      Defendants.

9:18-CV-0762
(GTS/CFH)

_____

APPEARANCES:

SHELDON COOPER, JR., 16-A-5117
  Plaintiff, *Pro Se*
Downstate Correctional Facility
Box F
Fishkill, NY 12524

HON. LETITIA JAMES
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

OF COUNSEL:

KONSTANDINOS D. LERIS, ESQ.
Assistant Attorney General

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

    Currently before the Court, in this *pro se* prisoner civil rights action filed by Sheldon

Cooper, Jr. ("Plaintiff") against the above ten employees of the New York State Department of Corrections and Community Supervision ("Defendants") pursuant to 42 U.S.C. § 1983 and the First and Eighth Amendments of the United States Constitution, are (1) Defendants' motion for summary judgment and (2) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Defendants' motion be granted with respect to Plaintiff's First Amendment retaliation claims asserted against Defendants Walawender, DeGraff, Smith, Seymour, Stanton, Cashin, Corey, Payne, Withers, and Randolph.  (Dkt. Nos. 84, 93.) Specifically, Magistrate Judge Hummel recommended that Plaintiff's First Amendment retaliation claims asserted against those Defendants be dismissed with prejudice on three alternative grounds: (a) abandonment of the claims due to Plaintiff's failure to respond to Defendants' motion; (b) Plaintiff's failure to exhaust his administrative remedies related to all First Amendment retaliation claims except the one against Defendant DeGraff; and (c) the absence of a genuine issue of material fact as to the merits of Plaintiff's First Amendment retaliation claims.  (Dkt. No. 93.)  Neither party has filed an objection to the Report-Recommendation, and the deadline by which to do so has expired.  (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1]  Magistrate Judge Hummel employed the proper standards, accurately recited

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal

the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, Defendants' motion for summary judgment is granted with respect to Plaintiff's First Amendment retaliation claims asserted against Defendants Walawender, DeGraff, Smith, Seymour, Stanton, Cashin, Corey, Payne, Withers, and Randolph, and Plaintiff's First Amendment retaliation claims asserted against Defendants Walawender, DeGraff, Smith, Seymour, Stanton, Cashin, Corey, Payne, Withers, and Randolph are dismissed with prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 93) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 84) is **GRANTED** with respect to Plaintiff's First Amendment retaliation claims asserted against Defendants Walawender, DeGraff, Smith, Seymour, Stanton, Cashin, Corey, Payne, Withers, and Randolph; and it is further

**ORDERED** that Plaintiff's First Amendment retaliation claims asserted against Defendants Walawender, DeGraff, Smith, Seymour, Stanton, Cashin, Corey, Payne, Withers, and Randolph are **DISMISSED with prejudice** and it is further

**ORDERED** that Plaintiff's Eighth Amendment claims for use of excessive force and failure to intervene against Defendants Smith and Cashin **SURVIVE** Defendants' motion.[2]

---

quotation marks omitted).

[2] Although Defendants initially argued in their motion that these Eighth Amendment claims should be dismissed for failure to exhaust all available administrative remedies because Plaintiff had not received a decision from the Central Office Review

Dated: January 25, 2021
      Syracuse, New York

                                                      Hon. Glenn T. Suddaby
                                                      Chief U.S. District Judge

---

Committee ("CORC"), Defendants subsequently explicitly abandoned this argument based on the Second Circuit's intervening decision in *Hayes v. Dahkle*, 976 F.3d 259 (2020), in which Second Circuit held that, "because DOCCS Inmate Grievance Procedure imposes a mandatory deadline for the CORC to respond, an inmate exhausts administrative remedies when he follows the procedure in its entirety but the CORC fails to respond within the 30 days it is allocated under the regulations." *Hayes*, 976 F.3d at 270. Thus, as Magistrate Judge Hummel found, Defendants' failure to make any argument about the merits of the Eighth Amendment claims against Defendants Smith and Cashin means that Defendants' motion does not provide any basis for this Court to review the merits of those claims at this time. (Dkt. No. 93, at 9 n.6 [Report-Recommendation filed Nov. 9, 2020].)