UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHELDON COOPER, JR.

                              Plaintiff,

v.                                                              9:18-CV-0762
                                                               (GTS/CFH)
KEVIN CASHIN, Corr. Officer; and
GREGG SMITH, Sergeant,

                              Defendants.
_____

APPEARANCES:                                                 OF COUNSEL:

LYNN LAW FIRM, LLP                              KELSEY W. SHANNON, ESQ.
  Pro Bono Counsel for Plaintiff
101 South Salina Street, Suite 750
Syracuse, NY 13202

HON. LETITIA A. JAMES                          KONSTANDINOS D. LERIS, ESQ.
  Counsel for Defendants                                   Assistant Attorney general
The Capitol
Albany, NY 14202

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Recently, following the cancellation of the jury trial in this prisoner civil rights action by Sheldon Cooper ("Plaintiff") against the two above-captioned correctional employees ("Defendants"), the Court found grounds warranting the consideration of whether to *sua sponte* dismiss Plaintiff's Amended Complaint for failure to prosecute and/or comply with the Orders and Local Rules of the Court pursuant to Fed. R. Civ. P. 41(b). For the reasons set forth below, the Court finds such a dismissal appropriate and *sua sponte* dismisses Plaintiff's Amended Complaint without prejudice.

**I.        RELEVANT BACKGROUND**

   **A.      Summary of Plaintiff's Amended Complaint**[1]

Generally, liberally construed, Plaintiff's Amended Complaint alleges that on January 17, 2018, while incarcerated at the Cayuga Correctional Facility, Kevin Cashin ("Defendant Cashin") was strip-searching Plaintiff in his cell when Defendant Cashin unnecessarily banged his head against a window frame three times while insulting him, and that Gregg Smith ("Defendant Smith") failed to intervene in that use of excessive force.  (*See generally* Dkt. No. 12 [Plf.'s Amend. Compl.].)  Based on these factual allegations, Plaintiff's Amended Complaint claims that Defendants violated his Eighth Amendment rights pursuant to 42 U.S.C. § 1983.  (*See generally id*.)

   **B.      Relevant Procedural History**[2]

On November 9, 2020, Magistrate Judge Hummel issued a Report-Recommendation granting Defendants' motion for summary judgment in part.  (*See generally* Dkt. No. 93.)  On December 17, 2020, the Court was notified that a copy of Judge Hummel's Report-Recommendation had been returned to the Clerk's Office as undeliverable.  (Dkt. No. 94.)  That same day, the Clerk's Office determined that Plaintiff had been moved from Orange County Jail ("Orange County") to Downstate Correctional Facility ("Downstate").  (*See generally* Docket

---

[1]    The Court notes that Plaintiff's Amended Complaint originally contained additional claims against several other Defendants.  (Dkt. No. 12.)  However, on January 25, 2021, the Court dismissed those claims.  (Dkt. No. 95.)  Accordingly, the above summary of Plaintiff's Amended Complaint concerns only the claims which were to be decided at the trial in this action at July 19, 2021.

[2]    The Court focuses on the procedural history of this case after Magistrate Judge Hummel issued a Report-Recommendation on Defendants' motion for summary judgment.  (Dkt. No. 93.)  For a more complete recitation of the procedural history, the reader is respectively directed to Judge Hummel's Report-Recommendation, which provides greater detail.

2

Sheet.)  Because of these unusual circumstances, the Court reserved decision on the Report-Recommendation and extended the deadline for the filing of any objections until January 4, 2021.  (*Id.*)  Neither party filed any objections to the Report-Recommendation.  (*See generally* Docket Sheet.)

On January 25, 2021, the Court accepted and adopted the Report-Recommendation in its entirety and appointed pro bono trial counsel.  (Dkt. No. 95.)  On February 4, 2021, the Court was notified that a copy of its Decision and Order of January 25, 2021, had been returned to the Clerk's Office as undeliverable because Plaintiff had been released from Downstate on January 7, 2021.  (Dkt. No. 97.)  On February 10, 2021, Plaintiff updated his change of address with the Court as Orange County.  (Dkt. No. 98.)

On March 3, 2021, the Court appointed Mr. Kelsey W. Shannon as pro bono trial counsel.  (Dkt. No. 100.)  On May 14, 2021, Plaintiff's counsel provided the Court with Plaintiff's updated address.  (Dkt. No. 102.)  That same day, the Court entered a Trial Order directing that Plaintiff's trial shall begin on July 19, 2021, at 9:00 a.m. in Syracuse, New York. (Dkt. No. 103.)  On June 14, 2021, the deadline for any request to the Court to issue a Writ of Habeas Corpus Ad Testificandum, Plaintiff's counsel filed a letter with the Court describing his inability to contact Plaintiff since Plaintiff's court appearance in an unrelated matter on June 4, 2021.  (Dkt. No. 107.)  On June 17, 2021, the Court issued a Text Order directing Plaintiff to file a notice of his updated address within the next seven days, or risk his Complaint being dismissed pursuant to Fed. R. Civ. P. 41(b).  (Dkt. No. 108.)  The Court also granted Plaintiff's counsel's request for a one-week extension to issue a Writ of Habeas Corpus Ad Testificandum.  (*Id.*)  On June 23, 2021, Plaintiff's counsel filed a letter confirming Plaintiff's mailing address and stating

3

that there would be no further difficulties in contacting him. (Dkt. No. 109.)

On July 14, 2021, the Court held a final pretrial conference. (Text Minute Entry filed July 14, 2021.) At that conference, Plaintiff's counsel indicated that he had been in contact with Plaintiff and had confirmed that Plaintiff would be present for the trial starting on July 19, 2021. (*Id*.) The Court directed Plaintiff's counsel to inform his client that, if Plaintiff was not present for trial on July 19, 2021, the Court would dismiss his action for failure to prosecute. (*Id.*) The Court also reviewed the logistics of the trial with counsel and ruled on the parties' motions *in limine*. (*Id.*)

On July 18, 2021, the day before the jury trial was scheduled to begin, Plaintiff's counsel contacted the Court and opposing counsel by e-mail, and informed them that he had been unable to contact his client since the day before the pretrial conference of July 14, 2021, and that, after numerous unsuccessful attempts to connect with him, searched the internet for his client's name, only to discover that Plaintiff had been arrested on July 14, 2021, and was being held in Orange County, New York, and would be unable to appear for trial. (Dkt. No. 130.) Based on these circumstances, the Court cancelled the jury trial. (*18*-Text Minute Entry filed July 19, 2021.)

## II.     RELEVANT LEGAL STANDARDS

### A.     Legal Standard Governing Dismissal Under Fed. R. Civ. P. 41(b)

A district court is authorized to dismiss an action under Fed. R. Civ. P. 41(b) "'[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (*per curiam*) (quoting Fed. R. Civ. P. 41[b]). "[W]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary

hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion." *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962). In the Second Circuit, five factors are evaluated to determine whether a district court abused its discretion. *Shannon v. General Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999); *Baptiste*, 768 F.3d at 216. The five factors are the following:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Shannon*, 186 F.3d at 193-94 (quoting *Nita v. Ct. Dep't of Envtl. Protection*, 16 F.3d 482, 485 [2d Cir. 1994]).

"Although 'a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning,' the district court is not required to discuss the factors on the record." *Shannon*, 186 F.3d at 194 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 [2d Cir. 1996]). The Court notes that "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Baptiste*, 768 F.3d at 217 (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 [2d Cir. 2001]) (internal quotation marks omitted). "No one factor is dispositive and ultimately [the Circuit court] must review the dismissal in light of the record as a whole." *Brow v. City of New York*, 391 F. App'x 935, 937 (2d Cir. 2010) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 [2d Cir. 2004]).

### III. ANALYSIS

Beginning with the first factor (i.e., the duration of Plaintiff's failures), the Court finds that the duration of Plaintiff's failures to prosecute and/or comply with Orders of this Court is approximately 195 days.  More specifically, the first such failure (which consisted of his failure to provide an updated address before December 17, 2020) resulted in a deadline extension that delayed this action for approximately 67 days (i.e., from approximately October 23, 2020, until approximately January 4, 2021).  (Dkt. Nos. 93, 94; Text Notice filed Dec. 17, 2020.)  The second such failure (which consisted of his failure to provide an undated address between February 4, 2021, and February 10, 2021) resulted in a deadline extension that delayed this action for approximately six days (i.e., from approximately February 4, 2021, until approximately February 10, 2021).  (Dkt. Nos. 97, 98.)  The third such failure (which consisted of a failure to provide an updated address before June 23, 2021) did not cause any delay because, although the Court had to extend the deadline for requests to issue a Writ of Habeas Corpus Ad Testificandum, the trial date remained the same.  (Dkt. Nos. 103, 107, 108, 109; Text Minute Entry filed July 14, 2021.)  However, the fourth failure was Plaintiff's failure to appear for trial on July 19, 2021, which has delayed this action at the very least 122 days, given the Court's congested trial calendar until approximately November 18, 2021 (not to mention the uncertainty of Plaintiff's release from jail in Orange County).  (Dkt. No. 130; Text Minute Entry filed July 19, 2021.)  The Court notes that, in response to any argument that Plaintiff's failure to appear resulted from his arrest and thus forces outside of his control, the Court responds that it rejects that argument: it appears that probable cause exists to believe that Plaintiff knowingly and voluntarily chose to engage in behavior that might result in his arrest on the eve of trial.

Granted, a plaintiff's delay in providing an updated address must be considered in light of any limited language proficiency, mental health struggles, and potential homelessness. *Mayanduenas v. Bigelow*, 849 F. App'x 308, 311 (2d Cir. 2021.)  However, in this case, the record does not demonstrate that Plaintiff has a limited proficiency of the English language, that he is combatting mental health struggles, or that Plaintiff was homeless at any time between September 2, 2020, and July 19, 2021.  (*See generally* Dkt. Nos. 88, 95, 109.)  In fact, on June 23, 2021, Plaintiff confirmed his residence at 175 Ball Street, Apartment 1, Port Jervis, New York 12771, and confirmed that there would be no further difficulties in contacting him.  (Dkt. No. 109.)  Despite his arrest, Plaintiff did not inform his counsel; instead, Plaintiff's counsel, after numerous repeated attempts to contact Plaintiff, only learned of Plaintiff's arrest after searching the internet the day before the trial was set to begin.  Given Plaintiff's pattern of dilatory behavior, and the 195-day delay that behavior has caused, the Court finds that the first factor weighs in favor of dismissing Plaintiff's case.

With respect to the second factor (i.e., whether Plaintiff had received notice that further delays would result in the dismissal of his action), the Court begins by noting that, during the final pretrial conference of July 14, 2021, the Court made it abundantly clear that Plaintiff's failure to appear for trial would result in the dismissal of his case.  (Text Minute Entry filed July 14, 2021.)  Plaintiff's counsel indicated that he understood and that he would relay the importance of Plaintiff's attendance to his client.  Moreover, this was not the first time that the Court had warned Plaintiff that his failure to abide by a court order or the Court's rules would result in the dismissal of his case.  In particular, on June 17, 2021, the Court entered an order to show cause as to why the Court should not dismiss his Complaint for failing to comply with

Local Rule 10.1(c)(2) of the Court's Local Rules of Practice. (Dkt. No. 108.) Contrary to the facts underlying *Mayanduenas*, Plaintiff repeatedly failed to keep his address current with the Court or his *pro bono* counsel. Had it not been for the diligence of the Court and Plaintiff's counsel, Plaintiff would not have received multiple decisions indicating that his case was trial ready. (Dkt. No. 94; Dkt. No. 97.) Finally, the Court notes that, on December 21, 2018, Plaintiff was provided with a courtesy copy of the Court's Local Rules of Practice and Pro Se Handbook, which specifically advised him of the duty to diligently prosecute this action upon penalty of dismissal. For all of these reasons, the Court finds that the second factor weighs in favor of dismissing Plaintiff's case.

With respect to the third factor (i.e., whether Defendants are likely to be prejudiced by further delay), the Court begins by observing that "[p]rejudice to defendants resulting from unreasonable delay may be presumed," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 39 (2d Cir. 1982), "because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Shannon*, 186 F.3d at 195. In this case, the Court finds that the prejudice to Defendants from a further delay is likely to be considerable. By the time that trial was scheduled to begin on July 19, 2021, Defendants had located and subpoenaed their witnesses, coordinated everyone's schedules, and arranged the necessary travel arrangements. Subjecting Defendants to a rescheduled trial at some nebulous time in the future would not only cause Defendants to have unnecessarily lost any irrecoverable travel deposits or foregone vacation plans (during the height of summer) but threaten the preservation of their witness testimony and thus Defendants' right to defend themselves. *See Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996)

("The passage of time always threatens difficulty as memories fade.")  For all of these reasons, the Court finds that the third factor weighs in favor of dismissing Plaintiff's case.

With respect to the fourth factor (i.e., whether the Court has taken care to strike the balance between alleviating Court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard), the Court has carefully balanced its calendar congestion against Plaintiff's right to due process and a fair chance to be heard.  Although the COVID-19 pandemic is still ongoing, the Northern District of New York (like many of its sister courts) have been holding trials since March 2021.  Because the Court was unable to hold a trial for approximately one year, the Court now has a very busy trial schedule and caseload.  Although Plaintiff certainly has the right to due process and a fair chance to be heard, this right is not absolute.  *See Lawson v. Ruskin*, 08-CV-0321, 2008 WL 1902218, at *3 (E.D.N.Y. Apr. 25, 2008) (dismissing plaintiff's amended complaint for a violation of his right to be heard for failure to state a claim).  With regard to the congestion on the Court's docket, the Court notes that it currently has 301 cases assigned to it (82 of which are criminal in nature with 107 pending defendants).  For the remainder of this reporting cycle, and for the next reporting cycle, the Court has the following motions and cases reporting: (1) 82 motions on the 6-month list; (2) 24 cases on the 3-year list; (3) 12 Social Security appeals; and (4) 2 bankruptcy appeals.  Furthermore, during this time-period, the court has 21 criminal cases (with 31 defendants) set for trial, and four other civil cases set for trial (with another 20 such cases potentially to be set for trial).  All of this is in addition to the undersigned's administrative duties as Chief Judge of the Northern District of New York.  Finally, the Court finds that Plaintiff's failures to prosecute and/or comply with the Orders and Local Rules of the Court has not been "silent and unobtrusive" but

"vexations and burdensome," causing far more than "minor court calendar congestion" (e.g., the need to grant numerous deadline extensions, the need to decide motions *in limine*, and the need to summon and cancel a jury). *Mayanduenas*, 849 F. App'x at 311 (quoting *LeSane*, 239 F.3d at 210) (internal quotations omitted). Even when this factor is considered in a light most favorable to Plaintiff, the Court finds that this factor is, at best, neutral.

Finally, with respect to the fifth factor (i.e., whether the Court has adequately assessed the efficacy of lesser sanctions), the Court is unaware of a lesser sanction that would be effective in deterring Plaintiff from similar delays in the future. "While some courts have imposed 'lesser' sanctions, such as fines or monetary sanctions, in an attempt to deter a *pro se* litigant . . . such a sanction would seem to be ineffective to deter this plaintiff because she has always qualified for *in forma pauperis* status and her only income appears to be some type of government benefits." *Collins v. Cheney*, 07-CV-0725, 2007 WL 4300025, at *3 (W.D.N.Y. Dec. 3, 2007) (emphasis in original). "Not only would a monetary sanction or fine most likely go unpaid, it could also work an unusual hardship on plaintiff." *Collins*, 2007 WL 4300025, at *3. In this case, the Court finds that imposing a monetary sanction against Plaintiff, like a monetary sanction against the plaintiff in *Collins*, would most likely go unpaid or would impose an unusual hardship on him. Furthermore, given the fact that the Court's prior warnings and reprimands have not deterred Plaintiff's latest failure to apprise the Court of his current address and failure to appear for trial, the Court finds that a further warning and reprimand would not suffice.

In light of all of this, the Court is tempted to find that this case presents an extreme circumstance in which involuntary dismissal with prejudice is appropriate. However, the Court is mindful of the Second Circuit's recent decision in *Mayanduenas*, 849 F. App'x at 311-12

("[W]hile we agree with the District Court's analysis that a fine or reprimand would likely be neither appropriate nor effective in this case, that does not support its decision to dismiss. As the *Drake* court made clear, involuntary dismissal is 'one of the harshest sanctions at a trial court's disposal,' and thus is 'reserved for use only in the most extreme circumstances.' This case is not sufficiently extreme to merit dismissal."). As a result, the Court finds that this fifth factor weighs in favor of only a dismissal without prejudice: that way, Plaintiff retains a right to be heard, subject to the payment of another filing fee (or the receipt of permission to proceed *in forma pauperis*), and the overcoming of any statutes of limitation that have not somehow been tolled or extended. .

After carefully balancing the five above-described factors (three of which favor dismissal, one of which is neutral, and one of which favors dismissal without prejudice), the Court concludes that Plaintiff's Amended Complaint should be *sua sponte* dismissed without prejudice for failure to prosecute and/or comply with the Orders and Local Rules of the Court.

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 12) is *sua sponte* **DISMISSED** **without prejudice** for failure to prosecute and/or comply with the Orders and Local Rules of the Court pursuant to Fed. R. Civ. P. 41(b).

Dated: August 2, 2021
       Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge

11